IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ENBRIDGE INGLESIDE OIL TERMINAL, LLC F/K/A MODA INGLESIDE OIL TERMINAL, LLC AND UNDERWRITERS OF LLOYD'S OF LONDON, | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | |
| XIANG T23 INTERNATIONAL SHIP LEASE PTE LIMITED, WHITE FLAG VENTURES XXVIII PTE LTD., TRAFIGURA GROUP PTE. LTD., PRODUCT SHIPPING & TRADING S.A., M/T MARLIN SICILY, *in rem*, JOHN DOES 1-5, HAI FENG 1717 LTD, KNUDSEN OAS SHIPPING A/S HAUGESOND, M/T ADRIANO KNUTSEN, *in rem*, and JOHN DOES 6-10. | § § § § § § § § § § § § | Civil Action No. 2:22-cv-304<br><br>IN ADMIRALTY |
| *Defendants*. | § § | |

**PLAINTIFFS' ENBRIDGE INGLESIDE OIL TERMINAL, LLC F/K/A MODA INGLESIDE OIL TERMINAL LLC AND CERTAIN UNDERWRITERS OF LLOYD'S OF LONDON SUBSCRIBING TO POLICY NO. DALONN000302590 ORIGINAL COMPLAINT**

Plaintiff ENBRIDGE INGLESIDE OIL TERMINAL, LLC F/K/A MODA INGLESIDE OIL TERMINAL, LLC ("Enbridge") individually, by and through the undersigned counsel, and Plaintiff Certain Underwriters of Lloyd's of London subscribing to Policy No. DALONN000302590, individually, by and through the undersigned counsel hereby file this Original Complaint against XIANG T23 INTERNATIONAL SHIP LEASE PTE LTD., KNUTSEN OAS SHIPPING A/S HAUGESOND, WHITE FLAG VENTURES XXVIII PTE LTD., TRAFIGURA GROUP PTE. LTD., PRODUCT SHIPPING & TRADING S.A., M/T

1

MARLIN SICILY, *in rem*, HAI FENG 1717 LTD, M/T ADRIANO KNUTSEN, *in rem*, and would respectfully show the court as follows:

## I.   PARTIES

1. Plaintiff Enbridge is a limited liability company duly organized and formed under the laws of the State of Delaware with its principal office located in Harris County, Texas.

2. Plaintiff Certain Underwriters of Lloyd's of London subscribing to Policy No. DALONN000302590 ("Certain Insurers" are Underwriters at Lloyds of London and Company Markets identified below, all of whom subscribe to Policy No. DALONN000302590 issued to and/or for the benefit of Plaintiff Enbridge). Liberty Mutual Insurance Company is the designated leader and representative of Certain Insurers.

3. Defendant Xiang T23 International Ship Lease PTE Limited ("Xiang T23") is a company formed under the laws of Singapore and headquartered at Marina Bay Financial Centre,12 Marina Boulevard, #30-03, Singapore 18982. Upon information and belief, Xiang T23 is an owner of the M/T MARLIN SICILY. Plaintiff requests summons be issued for this Defendant. Singapore is not a signatory to the Hague Service Convention or any other bilateral agreement with the U.S. regarding service of documents. Plaintiff will serve Xiang T23 pursuant to applicable laws and any agreement between the parties once summons is issued.

4. Defendant White Flag Ventures XXVIII PTE Limited ("White Flag") is a company formed under the laws of Singapore and headquartered at Ocean Financial Centre, 10 Collyer Quay, Singapore 049315. Upon information and belief, White Flag is an owner of the M/T MARLIN SICILY. Plaintiff requests summons be issued for this Defendant. Singapore is not a signatory to the Hague Service Convention or any other bilateral agreement with the U.S.

regarding service of documents. Plaintiff will serve White Flag pursuant to applicable laws and any agreement between the parties once summons is issued.

5. Defendant Trafigura PTE Limited ("Trafigura") is a company formed under the laws of Singapore and headquartered at 10 Collyer Quay, #29-01/05, Ocean Financial Center, Singapore 049315. Upon information and belief, Trafigura is an owner and/or owner *pro hac vice* of the M/T MARLIN SICILY. Plaintiff requests summons be issued for this Defendant. Singapore is not a signatory to the Hague Service Convention or any other bilateral agreement with the U.S. regarding service of documents. Plaintiff will serve Trafigura pursuant to applicable laws and any agreement between the parties once summons is issued.

6. Defendant Product Shipping & Trading S.A. is a company formed under the laws of Greece and headquartered at 40, Ag. Konstantinou Str., Maroussi, Athens, Hellas, 151 24. Upon information and belief, Product Shipping & Trading S.A. is the technical manager, commercial manager, and ISM manager for the M/T MARLIN SICILY. Plaintiffs request citation and summons be issued for this Defendant. Greece is a signatory of the Hague Service Convention and Greece's designated authority for service is Decentralized Administration Authority of Attika, 56 Katechaki Ave., Athens, 11525, and Regional Unit of Kentrikos Tomeas (Central Sector), Sygrou 80, Athens 11741. Plaintiffs request summons be issued for this Defendant.

7. Defendant M/T MARLIN SICILY is a Marshall Island flagged vessel being sued *in rem*. The M/T MARLIN SICILY is a crude oil tanker built in 2019. The M/T MARILIN SICILY has a length overall ("LOA") of 274 meters and is 48 meters wide; its summer deadweight is 149,999 tons and its gross tonnage is 82,839 tons. Upon information and belief, Xiang T23, White Flag, and Trafigura are owners and/or owners *pro hac vice* of the M/T MARLIN SICILY. The M/T MARLIN SICILY's International Maritime Organization ("IMO") number is 9835848.

Pursuant to a Letter of Undertaking issued for the benefit of the M/T MARLIN SICILY, it may be served with process by serving Steamship Mutual Underwriting Association (Europe) Limited ("Steamship Mutual P&I Club"), located at 5151 San Felipe, Suite 400, Houston, Texas 77056, or James T. Bailey of the law firm Schouest, Bamdas, Soshea, BenMaier & Eastham, located at 1001 McKinney Street, Suite 1400, Houston, TX 77002, at or wherever either person may be found. Plaintiffs request citation and summons be issued for this Defendant.

8. The identities of the captain and crewmembers of the M/T MARLIN SICILY at the time of the alleged conduct, which are also named as Defendants, are currently unknown to Plaintiffs and therefore referred to as Does 1–5. Plaintiffs plead the doctrine of *respondeat superior* against the Defendant that employed the captain and crewmembers.

9. Defendant Hai Feng 1717 Limited ("Hai Feng") is a company formed under the laws of Ireland and is headquartered at 2 Grand Canal Square, Grand Canal Harbour, Dublin 2 Ireland. Upon information and belief, Hai Feng is the registered owner of the M/T ADRIANO KNUTSEN. Plaintiffs request summons be issued for this Defendant. Ireland is a signatory of the Hague Service Convention and Ireland's designated authority for service is Master of the High Court or the Deputy Master who can be served by mail at: c/o Master's Section, High Court Central Office, Four Courts, Inns Quay, Dublin 7, Ireland.

10. Defendant Knutsen OAS Shipping A/S Haugesand ("Knutsen OAS") is a company formed under the laws of Norway and headquartered in Haugesund, Norway. Upon information and belief Knutsen OAS is the technical and commercial manager of the M/T ADRIANO KNUTSEN. Knutsen OAS' principal place of business is located at Smedasundet 40, 5529 Haugesund, Norway. Norway is a signatory of the Hague Service Convention and Norway's designated authority for service is the Royal Ministry of Justice and Public Security. Once

summons is issued, Plaintiffs will undertake to serve this Defendant in accordance with the Hague Service Convention. Plaintiffs request citation and summons be issued for this Defendant.

11. Defendant the M/T ADRIANO KNUTSEN is a Spanish flagged vessel being sued *in rem*. The M/T ADRIANO KNUTSEN is a liquified natural gas ("LNG") tanker built in 2019. The M/T ADRIANO KNUTSEN has a length overall ("LOA") of 299 meters and is 48 meters wide; its summer deadweight is 96,354 tons and its gross tonnage is 122,261 tons. The M/T ADRIANO KNUTSEN's IMO number is 9831220. Hai Feng is the owner of the M/T ADRIANO KNUTSEN and Knutsen OAS is the commercial and technical manager of the M/T ADRIANO KNUTSEN. Pursuant to a Letter of Undertaking issued for the benefit of the M/T ADRIANO KNUTSEN, it may be served with process by serving Assuranceforeningen Skuld (Gjensidig) through its attorney in fact Dabney W. Pettus of the law firm Welder Leshin Lorenz Buchanan Hawn, LLP, located at 800 North Shoreline Blvd., Suite 300 North, Corpus Christi, Texas 78401. Plaintiffs request summons be issued for this Defendant.

12. The identities of the captain and crewmembers of the M/T ADRIANO KNUTSEN at the time of the alleged conduct, which are also named as Defendants, are currently unknown to Plaintiffs and therefore referred to as Does 6–10. Plaintiffs plead the doctrine of *respondeat superior* against the Defendant that employed the captain and crewmembers.

## II.  JURISDICTION

13. The Court has subject matter over the general maritime claims under 28 U.S.C. § 1333(1), which grants district courts exclusive original jurisdiction over "any civil case of admiralty or maritime jurisdiction," and 46 U.S.C. § 30101(a), which extends this jurisdiction to "cases of injury or damage, to person or property, caused by a vessel on navigable waters, even though the injury or damage is done or consummated on land."

14. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

15. Defendants' tortious acts and omissions occurred in and affected the navigable waters of the United States when M/T ADRIANO KNUTSEN violated maritime navigation principles by surging the M/T MARLIN SICILY which resulted in parted lines and damage to Plaintiff Enbridge's facilities adjacent to the Corpus Christi Ship Channel.

16. This Court has personal jurisdiction over all Defendants because they have purposely availed themselves of the forum jurisdiction by participating in the maritime commerce directed to the forum, conducting maritime activities on navigable waters in the forum, and knowingly and/or directing commerce and the vessels at issue to the Port of Corpus Christi.

17. The Court has jurisdiction over Plaintiffs' *in rem* action against the M/T ADRIANO KNUTSEN on account of the Letter of Undertaking and security in the amount of $2.5 million provided by Assuranceforeningen Skuld (Gjensidig), acting on behalf of the vessel and its owner. Letter from Dabney W. Pettus, Welder Leshin LLP, to MODA Ingleside Oil Terminal, LLC (April 13, 2021) (on file with author) (the "KNUTSEN LOU"). The KNUTSEN LOU provides security to Plaintiffs.

18. As a result of the KNUTSEN LOU, a maritime lien exists for Plaintiffs' claims against the M/T ADRIANO KNUTSEN and, by virtue of that lien, Plaintiffs are entitled to the enforcement of that maritime lien *in rem* against the M/T ADRIANO KNUTSEN.

19. The Court has jurisdiction over Plaintiffs' *in rem* action against the M/T MARLIN SICILY on account of the Letter of Undertaking and security in the amount of $4 million provided by Steamship Mutual Underwriting Association (Europe) Limited ("Steamship Mutual P&I Club"), acting on behalf of the vessel and its owner. Letter from Steamship Mutual P&I Club

(January 10, 2021) (on file with author) (the "MARLIN SICILY LOU"). The MARLIN SICILY LOU provides security to Plaintiffs.

20.     As a result of the MARLIN SICILY LOU, a maritime lien exists for Plaintiffs' claims against the M/T MARLIN SICILY and, by virtue of that lien, Plaintiffs are entitled to the enforcement of that maritime lien *in rem* against the M/T MARLIN SICILY.

### III.     FACTS

21.     Plaintiff Enbridge is the owner of a state-of-the-industry maritime hydrocarbon loading and unloading facility located at Ingleside, Texas (the "Facility"). The Facility is unique in the Southern Gulf of Mexico because the water depth alongside it allows it to accommodate a variety of classes of vessels from small and average size tanker vessels to Very Large Crude Carriers ("VLCC").

22.     The Facility represents a significant capital asset to Plaintiff Enbridge.

23.     On or around January 3, 2021, the M/T MARLIN SICILY was moored at Berth 4 of Plaintiff Enbridge's Facility engaging in loading/unloading of hydrocarbons. The M/T MARLIN SICILY was berthed at Enbridge's Facility pursuant to a duly executed and agreed Berth Application and Acceptance of Financial Responsibility between Enbridge's predecessor-in-interest Moda Ingleside Oil Terminal, LLC[1] and M/T MARLIN SICILY's master, owners, operators, and charterers.

24.     The Berth Application and Acceptance of Financial Responsibility expressly incorporated the Moda Ingleside Energy Center Marine Terminal Regulations (Oct. 20, 2020) (the "Terminal Regulations").

---

[1] Effective October 12, 2022, 100% of Moda Ingleside Oil Terminal, LLC was acquired by Plaintiff Enbridge. Subsequently, Moda Ingleside Oil Terminal, LLC's name was duly changed to Enbridge Ingleside Oil Terminal, LLC.

25. The M/T MARLIN SICILY was moored at Enbridge's Facility using the vessel's own wire rope mooring lines as well as Enbridge's mooring pendants. Xiang T23, White Flag, Trafigura, Product Shipping & Trading S.A., and the M/T MARLIN SICILY (collectively "MARLIN SICILY Parties") represented the mooring equipment on the M/T MARLIN SICILY was sufficient for the vessel's size and particulars. The M/T MARLIN SICILY's master was required to ensure the vessel's mooring equipment was of "sufficient strength and in good working condition." Similarly, the M/T MARLIN SICILY's master was required to moor as closely as possible to Enbridge's Facility with mooring lines taught at all times.

26. The MARLIN SICILY Parties were expressly warned of the effects that vessels passing through the Corpus Christi Ship Channel could have on moored vessels. As a result, the M/T MARLIN SICILY was required to be tightly moored against the Facility.

27. On January 3, 2021, the M/T ADRIANO KNUTSEN, was navigating outbound of the Corpus Christi Ship Channel. Upon information and belief, the M/T ADRIANO KNUTSEN had recently taken on a full load of cargo and was heavily laden navigating low in the water. The M/T ADRIANO KNUTSEN navigated outbound in the Corpus Christi Ship Channel passing Enbridge's oil and gas terminal at issue, which is adjacent to the Corpus Christi Ship Channel and perpendicular to vessel traffic.

28. The M/T ADRIANO KNUTSEN passed by the M/T MARLIN SICILY while it was moored at Enbridge's Facility and: (1) failed to properly control its speed; (2) exceeded a safe speed and (3) passed Enbridge's Facility without sufficient distance to avoid surging the M/T MARLIN SICILY. Enbridge invokes all presumptions at law and in equity related to surging vessels.

29. Due to the M/T ADRIANO KNUTSEN's failure to properly and safely navigate near the moored M/T MARLIN SICILY and Enbridge's Facility at issue, the M/T MARLIN SICILY experienced a surge event caused by M/T ADRIANO KNUTSEN. The M/T MARLIN SICILY was improperly moored at Enbridge's facility which prevented it from being able to safely sustain the surge event. Furthermore, the wire rope mooring lines utilized by the M/T MARLIN SICILY at the time of the event were of poor, deteriorated, and defective condition. As a result of the poor, unseaworthy, and unreasonable condition of the M/T MARLIN SICILY's wire ropes used for mooring at Enbridge's Facility, the lines could not sustain the surge, parted, and allowed the M/T MARLIN SICILY to part from its mooring and damage Enbridge's Facility.

30. As the M/T MARLIN SICILY moved off Enbridge's Facility and slightly forward, it first parted two (2) of its mooring lines, then overstressing two (2) of Enbridge's mooring pendants allowing the vessel to move from its moored position.

### IV. DAMAGES CAUSED BY THE INCIDENT

31. The Defendants' acts and/or omissions caused a vapor recovery arms on Enbridge's Facility to become damaged and commercially nonfunctional. Additionally, the hydraulically operated dock gangway system on Enbridge's Facility was pulled off the M/T MARLIN SICILY and was damaged. Two of Enbridge's mooring pendants at the Facility were also damaged. Surveyor costs and emergency response costs were also incurred by Enbridge due to the incident.

32. Certain Insurers have paid funds under the applicable insurance policy to and/or for the benefit of Plaintiff Enbridge in order to reimburse covered damages caused by the surge event described herein.

## V.     CAUSES OF ACTION

A.     **Count 1 – Breach of Contract Against MARLIN SICILY Parties**

33.     Plaintiffs incorporate and repeat and reallege the facts and allegations in the preceding paragraphs, as if fully set forth herein.

34.     The MARLIN SICILY Parties duly executed and agreed to be bound by the Berth Application and Acceptance of Financial Responsibility (the "Agreement"). It is beyond dispute that the Agreement expressly incorporated the Moda Ingleside Energy Center Marine Terminal Regulations (the "Terminal Regulations").

35.     The MARLIN SICILY Parties materially breached the terms of the Agreement and the Terminal Regulations by at least the following ways: (1) failing to provide integral mooring equipment meeting the specified and agreed standards, (2) failing to maintain integral safety and mooring equipment on the M/T MARLIN SICILY, (3) failing to properly moor the M/T MARLIN SICILY at Enbridge's Facility at the time in question so it could properly sustain expected surges by passing vessels, and (4) failing to monitor the mooring configuration to ensure it remained tought and in reasonable condition.

36.     The MARLIN SICILY Parties' breaches of material terms of the Agreement and the Terminal Regulations caused Plaintiffs' damages which are recoverable in admiralty pursuant to general maritime law.

B.     **Count 2 – Negligence of MARLIN SICILY Parties**

37.     Plaintiffs incorporate and repeat and reallege the facts and allegations in the preceding paragraphs, as if fully set forth herein.

38.     An ordinary, prudent vessel owner, master, and crew would have ensured a vessel operating in the navigational waters of the United States and calling on a berth of a hydrocarbon loading and unloading facility would have ensured its mooring equipment—including, but not

10

limited to, wire rope mooring lines—were in good, seaworthy, and operational condition fit for the maritime task(s) intended.

39. The MARLIN SICILY Parties failed to provide mooring equipment designed, calibrated, or fit for the mooring and/or berthing operations ongoing at the time of the incident at issue. Additionally, the MARLIN SICILY Parties failed to monitor, maintain and service their mooring equipment such that it was in a degraded, unseaworthy condition at the time of the surge incident at issue.

40. The MARLIN SICILY Parties' failure to provide mooring equipment fit for the purposes of the mooring operations ongoing at the time of the incident at issue is a breach of their general maritime duties. These breaches by the MARLIN SICILY Parties directly and proximately caused Plaintiffs' damages for which they now seek recovery. Because Plaintiffs were injured and damaged by the MARLIN SICILY Parties' failure to moor the vessel properly and with due care such that the mooring lines parted and resulted in the M/T MARLIN SICILY alliding with Enbridge's Facility which is stationary, the MARLIN SICILY Parties are presumed to be at fault. *The Louisiana*, 3 Wall. (70 U.S.) 164, 18 L.Ed. 85 (1865).

**C.** **Count 3 – Negligence of M/T ADRIANO KNUTSEN, its crew, Hai Feng, and Knutsen OAS.**

41. Plaintiffs incorporate and repeat and reallege the facts and allegations in the preceding paragraphs, as if fully set forth herein.

42. The M/T ADRIANO KNUTSEN along with its master, crew, Hai Feng, and Knutsen OAS (collectively the "ADRIANO KNUTSEN Parties") operated and navigated the M/T ADRIANO KNUTSEN on the day in question in a manner which was unsafe, unseaworthy, and violative of maritime navigation principles.

43. The ADRIANO KNUTSEN Parties knew, or should have known, that operating the M/T ADRIANO KNUTSEN at the time of the incident at issue and in such proximity to Enbridge's Facility while a vessel was moored would present an unreasonable and foreseeable risk of harm.

44. Because Plaintiffs were injured and damaged by the swell/surge created by the M/T ADRIANO KNUTSEN's unreasonable and unsafe passing of Enbridge's Facility, the ADRIANO KNUTSEN Parties are presumed to be at fault. *See West India Fruit & S.S. Co. v. Raymond*, 190 F.2d 673, 674 (5th Cir. 1951). *The Pennsylvania*, 86 U.S. 125, 136 (1874).

**D.** **Count 4 – Res Ipsa Loquitur**

45. Plaintiffs incorporate and repeat and reallege the facts and allegations in the preceding paragraphs, as if fully set forth herein.

46. Because Defendants have superior knowledge concerning the specific acts and omissions of negligence attributable to each, and their separate vessels remained under their exclusive and particular management and control at the time of the incidents causing Plaintiffs' damages, and the damages caused to the Enbridge Facility would not ordinarily occur absence negligence on the part of Defendants, as stated more fully herein, Plaintiffs claim that Defendants are both liable through the application of the doctrine of *res ipsa loquitor* and, as such, Defendants are presumed to be at fault for Plaintiffs' damages. *Combo Maritime, Inc. v. U.S. United Bulk Terminal, LLC*, 615 F.3d 599, 604-05 (5th Cir. 2010).

## VI. <u>JOINT AND SEVERAL LIABILITY</u>

47. The ADRIANO KNUTSEN Parties and the MARLIN SICILY Parties are jointly and severally liable for Plaintiffs' damages.

## VI.    PRAYER

48. Based on the foregoing, Plaintiffs respectfully request the following relief:

   a. That process in due form of law, according to the practice of this Honorable Court in causes of admiralty and maritime jurisdiction, may issue against the M/T ADRIANO KNUTSEN and the M/T MARLIN SICILY Defendants and that they may be cited to appear and answer the matters aforesaid;

   b. That judgment be entered in favor of Plaintiffs and against Defendants for the full amount of Plaintiffs' damages, interest, and costs;

   c. That the M/T MARLIN SICILY, her engines, tackle, etc., pay Plaintiffs' damages, together with interest, and costs;

   d. That the M/T ADRIANO KNUTSEN, her engines, tackle, etc., pay Plaintiffs' damages together with interest, and costs;

   e. Costs, attorneys' fees, and expert fees as may be allowed under applicable law;

   f. Pre-judgment and post-judgment interest on any payments awarded; and

   g. Any and all relief to which Plaintiffs justly show they are entitled.

Respectfully submitted,

*/s/ George H. Lugrin IV*
George H. Lugrin IV
Attorney-in-Charge
Texas Bar No.: 00787930
Robert E. Freehill
Tex. Bar No.: 24069023
**HALL MAINES LUGRIN, P.C.**
Williams Tower, 64th Floor
2800 Post Oak Blvd.
Houston, Texas 77056-6125
Telephone: (713) 871-9000
Telecopier: (713) 871-8962
glugrin@hallmaineslugrin.com
rfreehill@hallmaineslugrin.com

*and*

*/s/ Hobart M. Hind*
HOBART M. HIND, ESQ.
Texas Bar No.: 24076926
Hhind@butler.legal
**BUTLER WEIHMULLER KATZ CRAIG**
Mail Center:   400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone:  (469) 857-7870
Facsimile:  (214) 812-9226
hhind@butler.legal